**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN T. GRAY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>THE ATTORNEY GENERAL OF THE<br>STATE OF NEW JERSEY, et al.,<br><br>　　　　　　　Respondents. | Civil Action No. 21-5197 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

　　This matter comes before the Court on Respondents' motion to dismiss (ECF No. 6) Petitioner's habeas petition challenging his state court conviction. (ECF No. 1.) Petitioner filed a response to the motion (ECF No. 10), to which Respondents replied. (ECF No. 11.) For the following reasons, the motion shall be granted and Petitioner's habeas petition shall be dismissed as time barred.

**I.　BACKGROUND**

　　Following a negotiated guilty plea, Petitioner was convicted of aggravated manslaughter and failure to properly dispose of human remains and sentenced to an aggregate twenty-three year sentence in April 2015. (*See* ECF No. 5-9.) Petitioner appealed his sentence, and the Appellate Division affirmed his sentence, but remanded the matter for the entry of an amended judgment of conviction clarifying the applicability of the No Early Release Act to Petitioner's parole ineligibility terms. (*See* ECF No. 5-12.) The amended judgment of conviction was thereafter entered on February 12, 2016. (*See* ECF No. 5-14.) Petitioner did not appeal that amended

judgment, nor did he seek to file a petition for certification to the New Jersey Supreme Court as to the Appellate Division's decision.

Petitioner thereafter filed a state court petition for post-conviction relief ("PCR") on June 9, 2017.[1] The PCR court denied that petition on August 17, 2018. (ECF No. 5-21.) Petitioner filed a late notice of appeal on December 3, 2018 (ECF No. 5-23), and the Appellate Division ultimately affirmed the denial of the PCR petition on June 2, 2020. (ECF No. 5-24.) Petitioner filed a timely notice of petition for certification, but the New Jersey Supreme Court denied certification on September 18, 2020. (ECF No. 5-26.) Petitioner thereafter filed his habeas petition in this matter on March 8, 2021. (*See* ECF No. 1 at 17.)

## II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

---

[1] Petitioner signed his petition on June 5, 2017, but the state courts received the petition and deemed it filed on June 9. As it is at best unclear whether the prisoner mailbox rule applies to New Jersey PCR petitions, this Court uses that date in this opinion. Were the Court to give Petitioner the benefit of the June 5, 2017, date, however, the outcome of this matter would not change.

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

### III. DISCUSSION

In their motion to dismiss, Respondents contend that Petitioner's habeas petition must be dismissed as untimely filed. Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A). In this matter, Petitioner's conviction became final on March 28, 2016, forty-five days after the entry of his amended judgment of conviction when the time for filing a timely appeal expired.[2] *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999) (habeas limitations period runs from date when time to appeal expired

---

[2] As petitions for certification must be filed within twenty days of the entry of a decision on appeal, *see* N.J. Court R. 2:12-3(a), Petitioner's time for filing a petition for certification from the Appellate Division's decision expired previously, and this Court therefore uses the later date on which Petitioner's time to file an appeal from the judgment of conviction expired.

3

where petitioner fails to file an appeal); N.J. Court R. 2:4-1(a)(2) (appeals from judgments of convictions must be filed within forty-five days). Absent some basis for tolling, then, Petitioner's one-year limitations period expired one year later on March 28, 2017.

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts. *Jenkins*, 705 F.3d at 85. This statutory tolling, however, is of no aid to Petitioner as he did not file his state court PCR petition until June 2017, over two months after the expiration of his one year limitations period. Petitioner's habeas petition thus appears to be time barred absent some basis for equitable tolling.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his response to the motion to dismiss, Petitioner presents two arguments for tolling. First, he contends that his untimely filing should be excused because he was required to first exhaust his claims before filing his habeas petition. There is nothing extraordinary about the exhaustion requirement – it applies to all state court habeas petitioners, and habeas petitioners regularly comply both with the time bar and the exhaustion requirement by making use of either the statutory tolling discussed above or an early filed protective habeas petition to avoid a conflict between the two. *See, e.g., Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012). Neither the requirement that Petitioner exhaust his claims nor Petitioner's misunderstanding of how to accomplish that goal provide a basis for tolling. *Id.*

4

Petitioner next contends that he was unable to raise his claims of ineffective assistance of counsel and as to the sufficiency of the evidence until he filed his PCR petition. Although Petitioner is correct that ineffective assistance claims generally cannot be raised on direct appeal, it does not follow that having such a claim warrants equitable tolling – such claims generally are not brought until PCR proceedings, and many a habeas petitioner ably and timely raises them in both state court and in federal court thereafter. Petitioner was clearly aware of the bases of his claims even prior to his guilty plea – by his own admission he was aware of the issues, or the very least the facts giving rise to his claims, prior to the conclusion of direct review. (*See* ECF No. 10 at 8-12.) Nothing Petitioner presents in any way shows that he could not have prepared and filed a PCR petition raising these claims as soon as direct appeal concluded, or shortly thereafter. It is Petitioner's inaction, and his inaction alone, that led to the expiration of more than a year between the conclusion of his appeal and the entry of his amended judgment of conviction and his ultimate decision to file a PCR petition in June 2017. Petitioner has thus failed to indicate that any extraordinary circumstances stood in the way of his filing, and has likewise failed to show that he was reasonably diligent in pursuing his claims. He has therefore failed to present any valid basis for equitable tolling, and his habeas petition remains well and truly time barred, and must be dismissed with prejudice as such.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition as untimely filed, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and his petition does not warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Respondents' motion to dismiss (ECF No. 5) is **GRANTED**, Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6